UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | JURY TRIAL DEMANDED |
| MAURY COUNTY, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**EXPRESS SCRIPTS, INC.'S COMPLAINT FOR CONTRACTUAL INDEMNIFICATION**

Plaintiff, Express Scripts, Inc. ("ESI"), by its undersigned attorneys, states and alleges the following as its Complaint for Indemnification ("the Complaint") against Defendant Maury County, Tennessee ("Maury County"):

**Parties, Jurisdiction, and Venue**

1. ESI is a pharmacy benefit manager with its principal place of business located at One Express Way, St. Louis, Missouri 63121.

2. Defendant Maury County is a Tennessee corporation created pursuant to Tenn. Code §§ 5-1-101 and 5-1-103.

3. Defendant Maury County may be sued for any just claim pursuant to Tenn. Code § 5-1-105.

4. Defendant Maury County may be served through County Mayor James L. Bailey, Jr., 41 Public Square, Columbia, Tennessee 38401, pursuant to Tenn. Code § 5-6-106 and Fed. R. Civ. P. 4.

1

SLC-3252148-2

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because the contract was executed in St. Louis County, Missouri.

## General Facts and Allegations

7. On or around September 1, 2000, ESI contracted with Defendant Maury County to manage Maury County's Prescription Drug Program. September 1, 2000 Managed Prescription Drug Program Agreement attached hereto as **Exhibit 1** and filed under seal pursuant to Local Rule 83-13.05.

8. On or around June 1, 2003, ESI and Maury County renewed Maury County's Prescription Drug Program Agreement. June 1, 2003 Managed Prescription Drug Program Agreement attached hereto as **Exhibit 2** and filed under seal pursuant to Local Rule 83-13.05.

9. Under the terms of the 2003 Managed Prescription Drug Program Agreement, the Prescription Drug Program was a "health plan" as defined under 45 C.F.R. § 160.103.

10. Under the terms of the 2003 Managed Prescription Drug Program Agreement Defendant Maury County was the "Sponsor" of the "health plan" (sometimes referred to as "The Plan").

11. Under the terms of the 2003 Managed Prescription Drug Program Agreement and during all relevant times, Defendant Maury County was a "covered entity" as defined under 45 C.F.R. § 160.103.

12. Under the terms of the 2003 Managed Prescription Drug Program Agreement and the Business Associates Agreement appended thereto, and during all relevant times, ESI was a "business associate" of the Maury County Prescription Drug Plan as defined under 45 C.F.R. § 160.103.

13. Under the terms of the 2003 Managed Prescription Drug Program Agreement and pursuant to 45 C.F.R. § 164.502(a)(1)(ii), § 164.506(c), both covered entities and business associates were permitted to disclose protected health information ("PHI") for payment purposes or for health care operations.

14. During all relevant times, Defendant Maury County self-funded its employee pharmacy benefit program.

15. During all relevant times, Defendant Maury County paid for its employees', and covered family members', (collectively "members'") covered prescription medications.

16. During all relevant times, any information regarding individual member prescription drug information belonged to Defendant Maury County.

17. In order to effectively manage Defendant Maury County's Prescription Drug Program, it was necessary for ESI and Defendant Maury County to share necessary information relating to individual member prescription drug information.

18. ESI and Defendant Maury County included provisions regarding the disclosure of individual member prescription drug information (sometimes referred to as "PHI") by ESI to Defendant Maury County in the 2003 Managed Prescription Drug Program Agreement and in the Business Associate/Trade Partner Agreement, attached as "Exhibit E" to the Agreement.

19. Specifically, Defendant Maury County warranted in the 2003 Managed Prescription Drug Program Agreement that:

[Maury County] shall maintain the confidentiality of any PHI in accordance with any applicable laws and regulations. [Maury County] hereby represents and warrants to ESI that, as a sponsor of a health plan, [Maury County] is legally entitled to provide PHI to ESI, and further to receive PHI relating to the member's prescription drug utilization from ESI. [Maury County] further represents and warrants that it has or shall obtain the member authorizations required, if any, for ESI to perform the services under agreement and release PHI to [Maury County].

20. The 2003 Managed Prescription Drug Program Agreement further provides that:

All PHI, records, reports and other data provided by ESI to [Maury County] under this Agreement are solely for [Maury County's] use in managing its health benefit plans, and ESI disclaims all liability arising out of [Maury County's] receipt, use or dissemination of such information, records, reports or data.

21. Defendant Maury County, as the Sponsor of the Plan, selected which drugs would be included, or be "covered", under its Plan.

22. Under the agreed terms of the 2003 Managed Prescription Drug Program Agreement, Defendant Maury County contracted to indemnify and hold ESI harmless from and against any costs, including but not limited to attorneys fees, for claims asserted against, imposed upon or incurred by ESI and arising as a result of Maury County's (i) negligent acts or omissions or willful misconduct, (ii) benefit design and coverage decisions, (iii) breach of the Managed Prescription Drug Program Agreement, or (iv) from any use Maury County may make of protected health information ("PHI") provided to Maury County by ESI.

23. On or about March 18, 2005, Shirley Harmon and Don Harmon ("the Harmons") filed a Complaint in the Circuit County for Maury County, Tennessee, naming ESI, Maury County and certain Maury County employees as defendants alleging damages resulting from: Maury County's use of Shirley Harmon's PHI provided to Maury County by ESI; negligent acts and willful misconduct on the part of Maury County involving Maury County's use and

SLC-3252148-2

dissemination of Shirley Harmon's PHI; and benefit design and coverage decisions relating to Shirley Harmon's Prescription Drug Benefits. Complaint and Fourth Amended Complaint attached as **Exhibits 3 and 4** respectively.

24. Specifically, the Harmons alleged they were damaged by ESI's disclosure of PHI relating to the payment of Shirley Harmon's Botox prescriptions to Defendant Maury County and Maury County's subsequent improper use thereof.

25. All of the Harmons' claims against ESI arose from ESI's disclosure of PHI to Defendant Maury County, in or around December, 2004, relating to Shirley Harmon's Botox prescriptions.

26. Specifically, in December 2004, Defendant Maury County submitted to ESI an official request for information relating to the payment of Shirley Harmon's Botox prescriptions. 12/21/04 Request, attached as **Exhibit 5**.

27. Defendant Maury County represented to ESI that the information was necessary to investigate Defendant Maury County's prior authorization for payment of Shirley Harmon's Botox prescription.

28. Defendant Maury County gave ESI assurances to ESI in writing that it had "a legitimate right to this information," and that "releasing this information to [it] will not violate HIPAA regulations."

29. Upon receipt of the official written request from Defendant Maury County, ESI released to Defendant Maury County certain data related to payment for Shirley Harmon's Botox medications under the Defendant Maury County's Prescription Drug Plan.

30. ESI's disclosure of Shirley Harmon's PHI to Maury County was both permissible and required under the 2003 Managed Prescription Drug Program Agreement and under all

applicable state and federal laws, including but not limited to, the Health Portability and Accountability Act of 1996 ("HIPAA").

31. The Harmons alleged in their lawsuit that Defendant Maury County's then Budget Director unlawfully published Shirley Harmon's PHI, including the prescription drug information provided to Defendant Maury County by ESI.

32. Pursuant to the terms of the Managed Prescription Drug Program Agreement, ESI demanded that Maury County indemnify, defend, and hold harmless ESI against any and all of the Harmons' claims asserted against ESI. Demand and Tender of Defense Letters dated July 7, 2005 and August 15, 2005, attached hereto as **Exhibit 6**.

33. On or about September 8, 2005, Maury County refused ESI's demand for indemnification and defense. Letter attached as **Exhibit 7**.

34. ESI incurred substantial costs and attorney's fees in defending the Harmons' claims.

35. On or about January 30, 2008 ESI filed a Motion for Summary Judgment against the Harmons, asserting, among other bases, that summary judgment was warranted because ESI was contractually and legally bound to disclose Shirley Harmon's PHI to Maury County. Motion, Memorandum in Support, Statement and Supplemental Statement of Undisputed Material Facts, attached as **Exhibits 8, 9, 10, and 11,** respectively. (Exhibits to Statement of Undisputed Material Facts in Support of its Motion to Summary Judgment excluded).

36. On or about March 26, 2008, the Circuit Court for Maury County, Tennessee entered an order granting ESI's Motion for Summary Judgment against the Harmons on all counts. Order attached as **Exhibit 12**.

37. Specifically, the Court found that ESI was obligated to provide PHI relating to Shirley Harmon to Defendant Maury County upon the request of the then Maury County Budget Director and that ESI therefore was not liable for any of the Harmons' claimed injuries. Transcript from Summary Judgment Hearing at pp. 41:22-42:4, attached as **Exhibit 13**.

## COUNT I – CONTRACTUAL INDEMNITY

38. By this reference, ESI incorporates and adopts the allegations set forth in paragraphs 1 through 37 above.

39. At all relevant times, ESI and Defendant Maury County were parties to a "Managed Prescription Drug Program Agreement" dated June 1, 2003 (the "2003 Managed Prescription Drug Program Agreement"), see **Exhibit 2**.

40. The 2003 Managed Prescription Drug Program Agreement was formed in a commercial setting by sophisticated parties substantially on equal footing.

41. The 2003 Managed Prescription Drug Program Agreement was supported by consideration by both parties to the Agreement.

42. The 2003 Managed Prescription Drug Program Agreement clearly and unequivocally sets forth Defendant Maury County's intent to indemnify ESI for Maury County's use of PHI provided to Maury County by ESI.

43. The 2003 Managed Prescription Drug Program Agreement clearly and unequivocally sets forth Defendant Maury County's intent to indemnify ESI for Maury County's negligent acts or omissions or willful misconduct.

44. The 2003 Managed Prescription Drug Program Agreement clearly and unequivocally sets forth Defendant Maury County's intent to indemnify ESI for benefit design and coverage decisions made by Maury County and/or ESI.

45.     Section 7.4(b) of the 2003 Managed Prescription Drug Program Agreement provides:

> Sponsor will indemnify and hold ESI harmless from and against any Costs for Claims which may be asserted against, imposed upon or incurred by ESI and arising as a result of Sponsor's (i) negligent acts or omissions or willful misconduct, (ii) benefit design and coverage decisions, (iii) breach of this Agreement, or (iv) from any use Sponsor may make of PHI provided to Sponsor by ESI.

46.     "Sponsor" is defined in the 2003 Managed Prescription Drug Program Agreement as Defendant Maury County.

47.     "Costs" are defined in the 2003 Managed Prescription Drug Program Agreement as "any loss, cost, damages, expense or other liability, including, without limitation, reasonable costs and attorney fees."

48.     "Claims" are defined in the 2003 Managed Prescription Drug Program Agreement as "any and all third party claims, suits, investigations, or enforcement actions, including claims of infringement of any intellectual property rights."

49.     The claims set forth in the Harmons' Complaint against ESI are claims assumed by, from and against Maury County that Maury County has agreed to defend, indemnify and hold ESI harmless pursuant to the 2003 Managed Prescription Drug Program Agreement.

50.     ESI has performed all obligations required of it pursuant to the indemnification provisions of the 2003 Managed Prescription Drug Program Agreement, which gives rise to ESI's indemnification claim herein, including but not limited to providing notice to Maury County of its contractual indemnity claims.

51.     Pursuant to Section 7.4(c) of the 2003 Managed Prescription Drug Program Agreement, ESI notified Defendant Maury County in writing upon learning of the claim(s) for

which indemnification may be sought and offered to tender the defense of such claim(s) to Defendant Maury County.

52. Defendant Maury County refused ESI's tender of defense and demand for indemnification.

53. Maury County thereby breached its contractual indemnity obligations to ESI by failing and refusing to accept ESI's tender of defense, refusing to pay ESI's costs and expenses incurred in defending the lawsuit, and in further forcing ESI to bring this action for breach of indemnification agreement.

54. ESI has incurred and continues to incur attorneys' fees and related litigation costs in defending the Harmons' lawsuit and in pursuing indemnification following Maury County's breach of its indemnification obligation.

55. ESI is entitled to full indemnification from Defendant Maury County pursuant to Section 7.4 of the 2003 Managed Prescription Drug Program Agreement for all expenses, costs, and attorneys' fees expended by ESI defending the Harmons' claims.

56. Plaintiff ESI demands a jury trial.

WHEREFORE, Plaintiff Express Scripts, Inc. prays that this Court enter judgment in favor of ESI and against Defendant Maury County: 1) for an award of ESI's expenses, costs, and attorneys' fees incurred in defending against Shirley and Don Harmon's original lawsuit; 2) for its expenses, costs and attorneys' fees in bringing this action, and for such further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By: _____
Catherine M. Dickenson, #118919
catherine.dickenson@huschblackwell.com
Katherine H. Purdy, # 5215333
katherine.purdy@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Office: (314) 480-1500
Fax: (314) 480-1505

*Attorneys for Plaintiff Express Scripts, Inc.*